**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **RUSTY D. SMITH, on behalf of himself and others similarly situated,**<br><br>**Plaintiff,**<br><br>**V.**<br><br>**STARCON INTERNATIONAL, INC.**<br><br>**Defendant.** | **CIVIL ACTION NO.**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

**SUMMARY**

1. Defendant, STARCON INTERNATIONAL, INC. ("Defendant" or "STARCON"), failed to pay Plaintiff and its other hourly employees appropriate overtime wages when they worked more than forty (40) hours in a workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Specifically, Defendant classified Plaintiff as a non-exempt employee and paid him an hourly wage, as well as a *per diem* payment for each day worked. While Defendant paid Plaintiff overtime wages calculated at one and a half times his *hourly rate of pay*, Defendant failed to include the *per diem* payment in its calculation of Plaintiff's "regular rate of pay." Therefore, Plaintiff was not paid the correct overtime rate of pay for the overtime hours he worked.

2. Plaintiff, RUSTY D. SMITH, and the similarly situated employees he seeks to represent, are current and former employees of STARCON who worked as hourly employees within the last three years and who received a *per diem* payment that was not included in the calculation of their regular (and overtime) rate of pay in workweeks when they worked more than forty (40) hours (hereinafter referred to as the "Class Members").

3. Defendant's pay practice and policy of not including the *per diem* payment in the

calculation of the regular (an overtime) rate of pay applied not only to Plaintiff, but also to all Class Members. Therefore, Plaintiff brings this suit on behalf of himself and all other similarly situated employees.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331 as this case is brought pursuant to the Fair Labor Standards, Act, 29 U.S.C. § 216(b).

5. Venue is proper in the Southern District of Texas – Houston Division under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and conduct charged herein occurred in this district.

## THE PARTIES

6. Plaintiff, RUSTY D. SMITH, lives in the Southern District of Texas. Plaintiff, RUSTY SMITH, is a former employee of Defendant who worked for Defendant during the last two years. His written consent is attached hereto as Exhibit 1.

7. The class of similarly situated employees consists are current and former employees of STARCON who were paid an hourly wage within the last three years and who received a *per diem* payment that was not included in the calculation of their regular (and overtime) rate of pay in workweeks when they worked more than forty (40) hours (hereinafter referred to as the "Class Members").

8. STARCON INTERNATIONAL, INC. is a foreign corporation that is licensed to do business, and is doing business, in the State of Texas. STARCON INTERNATIONAL, INC. may be served through its registered agent, Corporate Service Company, Inc., 641 South Lawrence Street, Montgomery, Alabama 36104.

## FLSA COVERAGE

9. At all times relevant to this dispute, STARCON has been an "employer" of Plaintiff

and all Class Members within the meaning of the FLSA. 29 U.S.C. § 203(d).

10. At all times relevant to this dispute, STARCON has been an enterprise within the meaning of the FLSA. 29 U.S.C. § 203(r).

11. At all times relevant to this dispute, STARCON has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

12. At all times relevant to this dispute, STARCON has had annual gross sales in excess of $500,000.

13. At all times relevant to this dispute, Plaintiff and all Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

## THE FACTS

14. Defendant, STARCON, is a full service mechanical contractor that provides services to a wide variety of process industry clients. STARCON provides comprehensive industrial and mechanical contracting services such as capital construction, plant maintenance, turnaround execution, project management, specialty welding, insulation, and scaffolding.

15. Plaintiff worked for Defendant out of its La Porte, Texas corporate headquarters. Specifically, Plaintiff and his crew worked at the Exxon Mobile facility in Pasadena, Texas.

16. Defendant employed Plaintiff as a "bull rigger."

17. In his capacity as a "bull rigger," Plaintiff often worked more than forty (40) hours per week. In fact, a typical work schedule required Plaintiff to work an average of 60 hours per week, with many weeks requiring him to work more.

18. Plaintiff was not a member of management. He had no authority to (nor did he): manage an enterprise, hire or fire other employees, set the pay rates of other employees, create policies

or procedures to govern Defendant's employees, handle employee grievances, determine the type of equipment or materials that Defendant used in its operations, plan and/or set Defendant's budget, enter into contracts on behalf of Defendant, or otherwise have operational control over Defendant's business operations and practices. Moreover, Plaintiff and all Class Members did not perform office or non-manual work directly related to the management or general business operations of Defendant or its customers, nor did they exercise discretion and independent judgment with respect to matters of significance in the conduct of Defendant's business.

19. Plaintiff and all Class Members performed the same/similar types of duties – all of which were manual labor intensive (i.e. not office work) and involved performing a variety of manual services and crafts, i.e. riggers, bull riggers, pipe fitters, millworkers, welders, iron workers, general laborers, etc. Plaintiff regularly moved heavy pipe as part of a larger crew (6 – 7 other bull riggers) using chains and "come alongs." STARCON employed approximately 40 – 50 other bull riggers on the Exxon Mobile project who worked alongside Plaintiff, as well as approximately 700+ employees of other crafts and trades, i.e. riggers, bull riggers, pipe fitters, millworkers, welders, iron workers, general laborers, etc.

20. Defendant paid Plaintiff and the Putative Class Members an hourly wage plus a *per diem* payment for each day they worked. For instance, on 12/16/16 Defendant paid Plaintiff an hourly wage of approximately $34 per hour for the first forty (40) hours worked the previous week, plus $51 per hour for 13.25 overtime hours worked (i.e. one and one-half times Plaintiff's regular hourly rate of pay). A copy of his paycheck is attached as Exhibit 2. In addition to Defendant also paid Plaintiff a $75 per day *per diem* payment which, for that week, totaled $525. The *per diem* payments made by STARCON to Plaintiff and the Putative Class Members were not included in the employee's weekly pay checks. Rather, *the per diem* payments were placed on a "Comdata card," which is similar to a

debit card. The *per diem* payments were not subject to taxes/withholdings and, significantly, were not included in Plaintiff's gross wages.

21. Section 7(e) of the FLSA required Defendant to include all remuneration paid to Plaintiff and the Class Members when determining the employees' "regular rate of pay." 29 U.S.C. § 207(e). The regular hourly rate of pay is determined by dividing the employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid. 29 C.F.R. § 778.109. Thus, the *per diem* payments to Plaintiff and the Class Members were required to be included in their total remuneration for purposes of determining the "regular rate" of pay. Once the regular rate of pay is determined, Plaintiff and the Class Members were entitled to overtime wages calculated at time and a half their *new* regular rate of pay for all hours worked each week in excess of forty (40) hours.

## COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff brings this suit as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other hourly paid workers employed by Defendant within three (3) years from the filing of this suit who have, like Plaintiff, not been compensated at one and a half their regular rate of pay for all hours worked in excess of forty (40) in a single week or who have not been compensated at the correct overtime rate of pay.

23. Defendant paid all of its non-exempt hourly employees the same way, i.e. an hourly wage, overtime time pay (calculated at one and one-half times the regular hourly rate), plus a *per diem* payment which was not included in the calculation of the regular or overtime rate of pay. In this regard, Defendant maintained a common pay practice or policy and Class Members are similarly situated to Plaintiff.

24. Defendant's hourly paid workers all perform the same essential job functions and duties

notwithstanding the fact that one employee might be involved in trade different than the other, have more tenure, experience, or require less supervision than another employee in the same or similar position. In this regard, the Class Members are similarly situated to Plaintiff. Moreover, Plaintiff and all of the Class Members were subjected to the same pay practice or policy by Defendant in that Defendant did not include the *per diem* payments in the calculation of the hourly (or overtime) rates of pay.

25. Although the exact amount of damages may vary among individual Class Members, the damages for each individual can easily be calculated using the same methodology and formula.

26. Defendant possesses the names and addresses of all Class Members in its records. The Class Members should be allowed to receive notice about this lawsuit and given an opportunity to join. Like Plaintiff, these similarly situated workers are entitled to recover their unpaid overtime wages, liquidated damages, attorneys' fees, and other damages. Therefore, notice is appropriately sent to: "All current and former employees of STARCON who worked as hourly paid employees within the last three years and who received a *per diem* payment that was not included in the calculation of their regular (and overtime) rate of pay in workweeks when they worked more than forty (40) hours (hereinafter referred to as the "Class Members").

## CAUSES OF ACTION

27. Plaintiff incorporates the allegations in the preceding paragraphs.

28. Plaintiff was not paid the correct overtime rate of pay when he worked more than forty (40) hours in a workweek because the overtime rate of pay paid to him did not include the *per diem* payment in the calculation of their regular (or overtime) rate of pay. Defendant's failure to pay Plaintiff and the Class Members the correct overtime rate of pay violated the FLSA.

29. Defendant's failure to pay overtime wages to Plaintiff and all Class Members in

accordance with the FLSA was willful as that term is defined by Section 255(a) and was not based on a good faith belief that its conduct complied with the FLSA. Therefore, the three (3) year statute of limitations period applies to Plaintiff's and all Class Members' damages in this case.

30. Plaintiff and all Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek, an amount equal to all of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action. 29 U.S.C. § 216(b).

## JURY DEMAND

31. Plaintiff hereby demands a trial by jury.

## PRAYER

Plaintiff respectfully requests that judgment be entered against STARCON, awarding him and all similarly situated employees:

a. Overtime compensation for all hours worked in excess of forty (40) per week at the rate of one and one-half times his regular rate of pay;

b. An equal amount as liquidated damages;

c. Reasonable and necessary attorneys' fees, costs, and expenses of this action; and

d. Such other and further relief as may be required by law.

Respectfully submitted,

By: *[/s/Robert R. Debes, Jr.]*
Robert R. Debes, Jr.
State Bar No. 05626150

**ATTORNEYS FOR PLAINTIFF**

OF COUNSEL:
SHELLIST | LAZARZ|SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993